IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ISAAC BROOKS**<br>2715 Avenue B.<br>Levittown, PA 19056<br><br>*Plaintiff,*<br><br>vs.<br><br>**TEMPLE UNIVERSITY HEALTH SYSTEM, INC.** *d/b/a* **TEMPLE HEALTH SYSTEM**<br>3401 N. Broad Street<br>Philadelphia, PA 19140<br><br>-and-<br><br>**TEMPLE UNIVERSITY HOSPITAL**<br>3401 N. Broad Street<br>Philadelphia, PA 19140<br><br>*Defendants.* | NO. 2:21-cv-01803-WB<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED CIVIL ACTION COMPLAINT[1]**

Isaac Brooks (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Plaintiff against Temple University Health System, Inc. d/b/a Temple Health System and Temple University Hospital (*hereinafter* referred to as "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C.

---

[1] Plaintiff files this First Amended Complaint pursuant to Fed. R. Civ. Proc. 15(a)(2) (written consent). Defendant's counsel provided written consent via e-mail to file the instant pleading.

§§ 2000d *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"). Plaintiff asserts, *inter alia*, that he was discriminated and retaliated against and unlawfully terminated by Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Temple University Health System, Inc. *d/b/a* Temple Health System (*hereinafter* "Defendant THS") manages a network of hospitals, clinics, and physicians, including Temple University Hospital.  Defendant THS has an address as set forth in the above-caption.

9. Temple University Hospital (hereinafter "Defendant Hospital") is part of the Temple University Health System and operated by Defendant THS.

10. Upon information and belief, the Defendants were run as a joint operation and enterprise with employees moving from one entity to another, sharing facilities, with operations being conducted as if a single enterprise.  Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## ADMINISTRATIVE REMEDIES

12. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under the ADA, PHRA, and PFPO.

14. Plaintiff filed a timely written charge of discrimination with the Equal Employment Opportunity Commission alleging violations of said statute on or about December 17, 2020.

15. Plaintiff's charge was cross-filed with the Pennsylvania Human Relations Commission.

16. The instant action is timely because it was initiated within ninety ("90") days after the receipt of a Right to Sue letter from the EEOC mailed on or about March 12, 2021.

17. Plaintiff has exhausted federal administrative remedies as to the allegations of the instant Complaint.

18. Plaintiff has properly exhausted his administrative proceedings regarding his PHRA and PFPO claims by dual-filing his Charge of Discrimination with the PHRC and by waiting at least one year since the filing before asserting his PHRA and PFPO claims.

## FACTUAL BACKGROUND

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. Plaintiff is an adult gay male.

21. Plaintiff was hired by Defendants in or about mid-December 2019.

22. Plaintiff worked as a laborer in Defendants' Environmental Services (Housekeeping) Department.

23. Plaintiff was qualified for his job and performed it well.

24. Plaintiff was primarily supervised by Frank Donato (Director of Environmental Services for Episcopal and Northeastern Campuses).

25. Throughout his employment, Plaintiff was subjected to extremely derogatory remarks and treatment regarding his sexual orientation and gender.

26. For example, but not intended to be an exhaustive list, Plaintiff was repeatedly called a "faggot" by his co-workers, referred to as "the gay guy" and subjected to other offensive comments about his sexual orientation and gender, including but not limited to:

    a. "you like to be bent over on the floor, don't you?"

    b. "are you a girl or a boy?"

    c. "you're wearing such girly clothes"

    d. "why are you wearing that girly perfume?"

    e. you're trying to be a girl today, aren't you?"

27. In or about July of 2020, Plaintiff complained to Mr. Donato that he was being subjected to discrimination based on his sexual orientation, including being subjected to gay slurs and other gender-related mistreatment.

28. Plaintiff told Mr. Donato that he would be escalating the complaint to human resources.

29. However, Mr. Donato told Plaintiff not to do so and to allow him to look into the allegations.

30. Within days of Plaintiff's complaints of discrimination, he was abruptly suspended and accused of having been mean to a co-worker, which was totally untrue.

31. In response to being suspended, Plaintiff informed Defendants that he had not engaged in the alleged conduct and that he was the one who was being discriminated against and treated poorly.

32. Plaintiff was not paid during his suspension or reimbursed for the earnings he lost during the suspension.

33. In or about late July 2020, Plaintiff returned to work from his suspension.

34. Over the course of the next two months (August through October time-frame), Plaintiff continued to be subjected to demeaning and offensive treatment because of his sexual orientation, including being spoken to rudely, called homophobic slurs, treated disparately compared to his non-gay colleagues and issued unwarranted discipline.

35. During this time, Plaintiff repeatedly expressed to Defendants' management that he was being treated poorly because he is gay, called gay slurs, that he should not have been suspended and wanted a clear record and that he wanted to be paid for the time he was suspended.

36. In or about late October 2020, shortly after Plaintiff expressed these additional complaints of discrimination, he was suspended again.

37. The suspension was unwarranted and Plaintiff was not paid during the suspension or ever scheduled or contacted to return to work thereafter.

38. Plaintiff repeatedly reached out to Defendants to determine when he could return to work but Defendants never put him back to work or otherwise contacted him.

39. As a result, Plaintiff's employment was involuntarily terminated and/or he was constructively discharged.

40. Plaintiff believes and avers that he was subjected to a hostile work environment and terminated because of his gender, sexual orientation and in retaliation for his complaints of harassment and discrimination.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender and Gender Stereotyping Discrimination ; [2] Sexual Orientation Discrimination; [3]Hostile Work Environment (Gender and Sexual Orientation); and [4] Retaliation)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. During Plaintiff's employment with Defendants, he was subjected to discrimination

and a hostile work environment through disparate treatment and demeaning and/or derogatory treatment/comments because of his gender and sexual orientation (discussed *supra*).

43. Defendants' conduct was ongoing and unwelcome to Plaintiff.

44. Defendants' discriminatory and harassing conduct of Plaintiff occurred repeatedly during at least the last 6 months of his employment.

45. Plaintiff complained about Defendants' discriminatory and harassing conduct but Defendants failed to remedy it and, as a result, it continued.

46. Plaintiff was then abruptly suspended in July 2020 and again in October 2020 and not paid during the suspensions.

47. Thereafter, Plaintiff was terminated and/or constructively discharged.

48. Defendants' actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment in violation of Title VII.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
**([1] Gender and Gender Stereotyping Discrimination ; [2] Sexual Orientation Discrimination; [3]Hostile Work Environment (Gender and Sexual Orientation); and [4] Retaliation)**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff properly exhausted his administrative remedies regarding hid PHRA claims because he timely filed a charge of discrimination with the PHRC (by dual-filing his claims with the EEOC) and the charge has been pending for at least one year.

51. The aforesaid allegations also constitute violations of the PHRA. Thus, Plaintiff's PHRA claims mirror the claims as set forth in his previous claims.

## COUNT III
### Violations of the Philadelphia Fair Practices Ordinance ("PFPO")
([1] Gender and Gender Stereotyping Discrimination ; [2] Sexual Orientation Discrimination; [3]Hostile Work Environment (Gender and Sexual Orientation); and [4] Retaliation)

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff properly exhausted his administrative remedies regarding his PFPO claims because he timely filed a charge of discrimination with the PHRC and the charge has been pending for at least one year. *See e.g. Vandegrift v. City of Phila.*, 228 F. Supp. 3d 464, 482-83 (E.D. Pa. 2017) (dual-filing of charges of discrimination with the EEOC and the Pennsylvania Human Relations Commission satisfied the Philadelphia Ordinance exhaustion requirement).

54. The aforesaid allegations also constitute violations of the PFPO. Thus, Plaintiff's PFPO claims mirror the claims as set forth in his previous claims.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    */s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.
Allison A. Barker, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated: December 27, 2021